KATHERINE PESPECKY, BY HER NEXT FRIEND, MICHAEL PESPECKY, PLAINTIFFS, v. HARRY N. FORMAN, DEFENDANT.

Argued May 7, 1929—Decided May 21, 1929.

Before Justices PARKER, BLACK and BODINE.

For the motion, *McDermott, Finegold & Hartshorne.*

*Contra, Ward & McGinnis.*

The opinion of the court was delivered by

BODINE, J. The plaintiff, a minor, by her brother as next friend, brought suit for the breach of a promise of marriage in the Passaic Circuit. The plaintiff alleges seduction under promise of marriage. The rule is for a change of venue to Monmouth county, where the defendant resides.

The plaintiff's parents have lived in that county for many years, and she resided with them until shortly before her child was born in May of 1928. After the birth of the child, she returned to her parents' home and received $15 a week from the defendant until October of 1928, when the payments ceased and she moved to Clifton in Passaic county, because she had friends there and was able to secure employment. She left her parents' home with their consent and has been steadily employed, receiving her own wages. She lives with a family whom she has known for the last ten years. Her

brother, the next friend, resides next door. She prepares his meals and does his washing. Her testimony on the point as to why she moved is as follows: "I moved up there because I didn't like the way the people talked about me here and I couldn't get work and up here I had friends and they got me work right away." A cogent reason for a change of residence.

The plaintiff appears to be emancipated. *Berla* v. *Meisel,* 52 *Atl. Rep.* 999.

"Under the provisions of the Practice act the venue of a Supreme Court issue may be laid in the county where the plaintiff resides." *Robbins* v. *Glendon,* 103 *N. J. L.* 564.

"Residence under the statute, therefore, for the purpose of fixing the venue, means actual residence at the time of the institution of the suit." *Dabaghian* v. *Kaffafian,* 71 *N. J. L.* 116.

"Residence is that fixed and permanent home to which, whenever absent, a person intends to return." *Cadwalader* v. *Howell,* 18 *N. J. L.* 138. The plaintiff appears to have established such a residence at Clifton.

"While it is true that the cause of action arose prior to the making of the change, there is nothing in the law which prevents one, after a cause of action has arisen in one county, from changing his residence to another county. The question of residence is fixed as of the date the suit is instituted and not as of the date the cause of action accrued." *Robbins* v. *Glendon, supra.*

The change of residence was made in good faith and upon the score of convenience the case may as well be tried in Passaic as in Monmouth county.

The rule will be dismissed.